IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CHRISTIAN ODLUM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. NO. **1:21CV0093 LY** |
| | § | |
| | § | |
| CSC SERVICEWORKS, INC. | § | |
| | § | JURY DEMANDED |
| | § | |
| Defendants. | § | |

## COMPLAINT

Plaintiff, CHRISTIAN ODLUM, files this Complaint and Jury Demand against Defendant CSC SERVICEWORKS, INC. alleging willful violation of the Texas Commission on Human Rights Act, and 42 U.S.C. §1981. For causes of action, Plaintiff would show the Court as follows:

## I.
## PARTIES, JURISDICTION, AND VENUE

1.  Plaintiff CHRISTIAN ODLUM is a resident of Travis County, Texas.

2.  Defendant CSC SERVICEWORKS, INC. is an entity which can be served with Citation through its Registered Agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136

3.  At all times relevant to this case, Defendant CSC ServiceWorks, Inc. acted as Plaintiff's employer.

4.  This Court has jurisdiction to hear the merits of Mr. Odlum's claims under 28 U.S.C. §§1331 and 1337.

5.  Venue is proper in this district and division under 28 U.S.C. §1391(b)(1) because the incidents that gave rise to the claims in this case occurred in within this district and division.

## II.
## CONDITIONS PRECEDENT AND
## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. Plaintiff filed Charges of Discrimination with the Texas Workforce Civil Rights Division within 180 days of the adverse employment actions alleged in this case, and is filing this case within two years of filing those Charges. No notice of right to sue is needed from the Texas Workforce Commission Civil Rights Division. *Prewitt v. Cont'l Auto.*, 927 F. Supp. 2d 435, 450 (W.D. Tex. 2013) ("[I]n order to exhaust administrative remedies under Texas law, a plaintiff need not actually request or receive a right-to-sue letter; it is the mere entitlement to the letter that exhausts the administrative process and ends the [Texas Workforce] Commission's exclusive jurisdiction.") Plaintiff has met all conditions precedent for his claim under the Texas Commission on Human Rights Act.

7. Claims under 42 U.S.C. 1981 do not require the exhaustion of any administrative remedies. *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382 (2004). Plaintiff is filing this lawsuit within two years from the discriminatory and retaliatory acts taken against him by Defendant.

## III.
## STATEMENT OF FACTS

8. Mr. Odlum was hired by the Defendant in July 2018 as a Driver/Installer. He is African-American. On or around September 24, 2018, he received a text message from Tristan Carillo, his Assistant Supervisor, that stated "talk to you b[i]tch niggers, they are too stupid to read the very fucking simple instructions I put on the wall." After receiving that text message, Mr. Odlum spoke with the Regional Field Supervisor, Adam, who was Mr. Carillo's supervisor. Adam told Mr. Odlum that Tristan was "just playing." When he asked Adam if he was going to do anything about it, Mr. Odlum was told: "you bitch too much – y'all just bitches." Mr. Odlum then

reported the text message to Kathy in Human Resources. He was questioned on a conference call on September 26, 2018 with HR about the situation, and he was told that they were going to investigate. He was never told what the results of the investigation were.

9. On September 26, 2018, Mr. Odlum received his first write-up, from Adam. He refused to sign it, because he believed it was done in retaliation for his report about the text messages. After that, he received two more write-ups that were also not legitimate. Adam, who does the route scheduling, also began cutting back on his schedule and routes. Before Mr. Odlum made the complaint about the racial slurs, he was averaging approximately twelve stops per day. After the complaint, he began averaging approximately 6-8 stops per day. This reduction significantly affected his compensation.

10. On or around January 3, 2019, Mr. Odlum filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission and the Texas Workforce Commission Civil Rights Division regarding the discrimination and retaliation he had been facing. On January 25, 2019, Defendant terminated his employment.

## IV.
## CAUSES OF ACTION

### COUNT ONE
### DISCRIMINATION AND RETALIATION UNDER
### THE TEXAS COMMISSION ON HUMAN RIGHTS ACT

11. <u>Discrimination</u>. The conduct of the Defendant towards Plaintiff, through its agents, employees, managers, and supervisors, as set forth above, among other activities constitutes discrimination on the basis of Mr. Odlum's race, in direct violation of §21.001, et seq., Labor Code, Vernon's Texas Codes Annotated, which states, in pertinent part, that:

> "An employer commits an unlawful employment practice if...the employer...discriminates against an individual...or...classifies an employee...in a manner

> that would deprive or tend to deprive an individual
> of any employment opportunity or adversely affect
> in any manner the status of an employee

Plaintiff's race was a determining or motivating factor in Defendant's employment decisions regarding Plaintiff, including the decision to terminate Plaintiff's employment. Plaintiff's race moved Defendant toward its decision or was a factor that played a part in Defendant's employment decisions as to Plaintiff.

12. <u>Retaliation</u>. In addition, Defendant retaliated against Plaintiff for making discrimination complaints, for participating in a discrimination investigation or otherwise opposing race discrimination by employees of the Defendant. See Texas Labor Code §21.055. Plaintiff's discrimination complaints were a determining or motivating factor in Defendant's employment decisions regarding Plaintiff, including the decision to terminate Plaintiff's employment.

## COUNT TWO
## DISCRIMINATION AND RETALIATION IN VIOLATION OF 42 U.S.C. § 1981

13. 42 U.S.C. §1981 prohibits race discrimination and retaliation in the making and enforcing of contracts, including the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges and conditions of the contractual relationship.

14. Defendant intentionally discriminated against Plaintiff because of his race and retaliated against him in violation of 42 U.S.C. §1981 by engaging in the conduct described above, including subjecting Plaintiff to a racially hostile work environment, reducing his work hours, subjecting him to adverse terms and conditions of employment, and by discharging him. The

unlawful practices committed by Defendant were and are a direct cause of Plaintiff's damages, as more fully set forth below.

## V.
## DAMAGES

15. As a result of Defendant's unlawful conduct, Plaintiff has suffered economic and actual damages, including past and future lost income, back wages, interest on back pay and front pay, future wages or front pay, lost earnings in the past and future, lost benefits under the contract or employment relationship, employment benefits in the past, and employment benefits in the future. Plaintiff has also incurred other actual damages as a result of Defendant's unlawful conduct, including but not limited to past and future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, and other pecuniary and non-pecuniary losses.

## VI.
## COMPENSATORY DAMAGES

16. Defendant intentionally engaged in an unlawful employment practice by discriminating against Plaintiff because of his race. Plaintiff additionally brings suit for compensatory damages, including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, lost earning capacity in the past and future, and other pecuniary and non-pecuniary losses.

## VII.
## PUNITIVE DAMAGES

17. The conduct committed by Defendant against Plaintiff is the type of conduct demonstrating malice or reckless indifference to the rights of the Plaintiff. Therefore, Plaintiff additionally brings suit for punitive damages.

## VIII.
## ATTORNEYS' FEES AND EXPERT FEES

18. A prevailing party may recover reasonable attorneys' and experts' fees under Title VII. Plaintiff seeks all reasonable and necessary attorneys' fees in this case, including preparation and trial of this lawsuit, post-trial, pre-appeal legal services, and any appeals. Plaintiff additionally brings suit for expert fees.

## IX.
## JURY DEMAND

19. Plaintiff demands a trial by jury of all the issues and facts in this case and tenders herewith the requisite jury fee.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

1. The Court assume jurisdiction of this cause;

2. The Court award Plaintiff damages as specified above;

3. The Court award Plaintiff reinstatement or, in the alternative, front pay;

4. The Court award Plaintiff's reasonable attorneys' and expert fees and costs;

5. The Court award Plaintiff pre- and post-judgment interest at the highest rates allowed.

Plaintiff further prays for any such other relief as the Court may find proper, whether at law or in equity.

Respectfully submitted,

*/s/ Christian Odlum*

Christian Odlum

8400 Valleyfield Dr.
Austin, Tx. 78724